497 So.2d 973 (1986)
James LENARD, Petitioner,
v.
The Honorable John Dean MOXLEY, Jr., Circuit Judge of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Respondent.
No. 86-1823.
District Court of Appeal of Florida, Fifth District.
November 18, 1986.
James Russo, Public Defender, and Michael J. Lucas, Asst. Public Defender, Titusville, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We grant Lenard's petition for a writ of prohibition seeking a discharge from prosecution pursuant to the Speedy Trial Rule.[1] The record shows that after Lenard filed a motion for discharge following the expiration of the speedy trial times in both rule 3.191(a)(1) (175 days) and rule 3.191(a)(2) (50 days) he was not brought to a hearing within five days and the trial court failed to bring him to trial within fifteen days following the filing of the motion. Thereupon, the trial court lost jurisdiction to prosecute Lenard for the crimes for which he was arrested on January 14, 1986: attempted murder and carrying a concealed firearm. Gordon v. Leffler, 495 So.2d 200 (Fla. 5th DCA 1986).
The state argues that the fifteen day "window" period in rule 3.191(i)(4)[2] should not begin to run unless the defendant accompanied the motion with a notice of hearing setting the time for such hearing within five days. We find nothing in the rule which places the burden on the defendant to timely schedule the hearing and trial.[3] Here Lenard filed his motion for discharge with the court and served a copy on the state. Thereafter the duty to afford Lenard a hearing and trial within five and fifteen days fell upon the state.
*974 Accordingly, we issue the writ of prohibition and order that petitioner be discharged.
WRIT GRANTED.
ORFINGER, COBB and SHARP, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.191(d)(3).
[2] Rule 3.191(i)(4) reads as follows:

(i) Remedy for Failure to Try Defendant within the Specified Time.
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
[3] Apolinari v. Ulmer, 483 So.2d 75 (Fla. 2d DCA 1986); review denied, 492 So.2d 1335 (Fla. 1986).