506 So.2d 1077 (1987)
Jeffrey M. LOBIK, Appellant,
v.
STATE of Florida, Appellee.
No. 86-368.
District Court of Appeal of Florida, Second District.
April 15, 1987.
Rehearing Denied May 7, 1987.
James Marion Moorman, Public Defender, Bartow and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Lobik was arrested on March 14, 1985. He was charged by information with burglary of a dwelling, a second degree felony; and grand theft, a third degree felony. Lobik filed an affidavit of insolvency and a public defender was appointed. The same public defender represented the alleged coperpetrator (Hoedl) of the crimes charged. On April 4, 1985, Lobik demanded discovery from the state. He was then arraigned and pleaded not guilty. A pretrial conference was scheduled for June. A list *1078 of witnesses was supplied to defense counsel by the state on May 2, 1985, but the list did not include Hoedl's name. In May, the public defender withdrew his representation of Hoedl. In July, Hoedl changed his plea from not guilty and was found guilty and placed on probation. At the pretrial conference in June, Lobik's trial date was set for August 28, 1985.
On August 23, 1985 (five days before trial), defense counsel received an additional list of witnesses from the state attorney's office which then included Hoedl's name. Hoedl was in the Sumter Correctional Institution and was transported to the Pinellas County Jail on the afternoon of August 27, 1985. Defense counsel obtained a waiver of Hoedl's attorney/client privilege on the morning of trial and proceeded to depose Hoedl. During this deposition, Hoedl made statements which were in major conflict with the statements of the state's other witnesses who were inexplicably unavailable for trial on the scheduled trial date.[1] Hoedl's latest testimony was also inconsistent with his earlier statements previously given to the public defender.
Due to the drastic change in the testimony by witness Hoedl which would be elicited by the state, defense counsel moved for a continuance specifically not waiving speedy trial. The state responded that any continuance should be charged to defense counsel and accompanied with a waiver of speedy trial because of the unavailability of the witnesses that defense counsel anticipated the state would call.
The court granted the motion for continuance and found a waiver of speedy trial. Thereupon, some discussion was held concerning rescheduling the trial within the initial speedy trial time. However, such rescheduling could not be accomplished due to the congested court calendar. Thereafter, the state again indicated that the continuance was at Lobik's request and, therefore, speedy trial was waived. The court agreed and set the trial date for November 13. At this juncture, the public defender stood mute. On September 24, 1985, defense counsel filed a motion for discharge which was denied by the trial court. The case did not go to trial on November 13 but was continued at the state's request due to the unavailability of a witness. Thereupon, appellant changed his plea to nolo contendere, reserving his right to appeal the court's ruling on the motion for discharge and was sentenced on February 4, 1986. This timely appeal followed.
The general rule is that "a defense continuance usually constitutes a waiver of the defendant's right to trial within the speedy trial period." State v. Vukojevich, 392 So.2d 297 (Fla. 2d DCA 1980). Also generally, a state continuance does not extend speedy trial time absent a finding of exceptional circumstances under Florida Rule of Criminal Procedure 3.191(f). State v. Burris, 424 So.2d 128 (Fla. 1st DCA 1982). The determination of which party to charge with the continuance does not turn solely on which party moves for the continuance. To automatically charge the moving party with the continuance without further delving into the facts surrounding the motion would have the effect of aggrandizing trial tactics at the cost of dishonoring a defendant's speedy trial rights. Such is the case here. As illustrated by the detailed facts set out above, defense counsel was all but forced to request a continuance based on the trial tactics of the state. We must note that bad faith on the part of the state was neither alleged nor apparent from the record. However, the state's "bait and switch" game of substituting key witnesses shortly before trial prejudiced appellant's rights.
*1079 It is important to the outcome of this case that the witnesses substituted by the state were necessary to prove its case-in-chief. Substitution of minor witnesses would not have had the same detrimental effect on the appellant's rights. In addition, it is important to the outcome of this case that the new substituted key witness was to present a story dramatically different from the story of the earlier listed key witnesses. Had the new key witness presented an identical or similar story, the defendant's rights would not have been unduly prejudiced.[2] Our decision also rests upon the fact that Hoedl's name as a state witness was not supplied to defense counsel until five days before trial and he was not available to be deposed until the morning of trial. The discovery on the morning of trial that the state's key witness would present a story substantially different from the expected testimony obviously prejudiced appellant in his ability to defend himself.
Our decision here has the support of prior case law. "Discovery must be furnished within sufficient time to permit the defendant to make use of it without having to forfeit his right to a speedy trial, and when discovery is not promptly furnished, the court may continue a case at the state's expense beyond the speedy trial limits even if such continuance effectively results in the discharge of the defendant." George v. Trettis, 500 So.2d 588, 589 (Fla. 2d DCA 1986), citing State v. Williams, 497 So.2d 730 (Fla. 2d DCA 1986), and State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984).
The 175 days from appellant's arrest expired on September 5, 1985. Although the trial court made some attempt to bring appellant to trial before that time, trial was not scheduled until November 13, 1985. Appellant's motion for discharge was timely filed on September 23, 1985. The trial court erred in denying appellant's motion for discharge. Because we find error here, we need not reach the question of whether the trial court erred in finding exceptional circumstances on November 13 when it granted the state's motion for continuance. We reverse the judgment and sentence and remand with instructions that the trial court vacate appellant's judgment and sentence and discharge him from further prosecution.
Reversed and remanded with instructions.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] Defense counsel's motion for discharge alleges that the victim of the crimes in this case "was present in the office of the state attorney on the morning of August 28, 1985, but left to go out of town. Whether or not said departure was with or without the state attorney's office permission is not within the defense counsel's knowledge." This victim was listed on the first list of witnesses supplied to defense counsel and defense counsel's assertion in the motion for discharge is not refuted by any other evidence in the record.
[2] Our statement that the new key witness' story was substantially different from the prior key witnesses' stories is based upon the transcript of the motion to continue on August 28, 1985, wherein defense counsel as an officer of the court represented the new key witness' testimony as such.