PER CURIAM.
A petition for writ of prohibition was filed, seeking review and reversal of an order denying a motion for discharge based upon allegations of speedy trial violations. We grant the prohibition, treat the petition as also seeking relief by certiorari from that part of the order which did not charge the continuance in question to the state, and quash same. No writ will issue.
The defendant/petitioner, Cynthia Grey Harris, was arrested on September 4,1987, and charged with (1) trafficking in cocaine over four hundred grams, (2) conspiracy to traffic in cocaine, (3) possession of cocaine, and (4) resisting arrest without violence. On September 5, 1987, a magistrate found no probable cause to exist on the trafficking and conspiracy charges. The state was given forty-eight hours in which to perfect the charges, which it failed to do. Accordingly, on September 8, 1987, the defendant was discharged from custody on those two alleged offenses.
On September 24, 1987, an information was filed against the defendant, charging possession of cocaine and resisting arrest without violence, arising out of the incidents of September 4, 1987; and a “no information” was filed in the case as to the charges of trafficking and conspiracy to traffic. Counsel for the defense thereafter filed several motions which included a demand for discovery; and the state provided a list of four witnesses pursuant to rule 3.220, Florida Rules of Criminal Procedure.
On January 7,1988, a codefendant in this matter, Mark Peedin, whose case was proceeding under a different case number, changed his plea to guilty and agreed to provide substantial assistance to the state in prosecuting the defendant. On January 21, 1988, the state took a thirty-three page statement from Peedin. Pursuant to that statement, the state filed a new probable cause affidavit against the defendant on February 2, 1988 for trafficking in cocaine and conspiracy to traffic in cocaine. A summons was issued February 9, 1988, but the petitioner was never served, as evidenced by the lack of a sheriff’s return in the record. The defendant had no knowledge that the state had refiled charges on the two felonies, each carrying a minimum mandatory of fifteen years, and was proceeding to defend only against the charges of possession and resisting arrest without violence. An information was filed against the defendant on February 9, 1988, charging her and a codefendant, Michael C. Cummings, with trafficking in cocaine and conspiracy to traffic in cocaine.
On February 18, 1988, the defense was successful in having a motion to suppress granted by the trial court in the posses *146 sion/resisting arrest case. In a detailed order, the trial judge addressed the illegal entry by the police into the motel room of the defendant on September 4, 1987, and declared the search illegal; but he declined to rule upon a motion to suppress statements and admissions made by the petitioner, finding that said motion was rendered moot by his ruling on the motion to suppress evidence. At that hearing the state did not disclose to the trial court or the defendant that a new information had been filed against the defendant nor that the deferred motion was not moot.
On March 4, 1988, the defendant filed a motion for discharge as to the possession/resisting arrest charges, showing that as of February 26, 1988, one hundred seventy-five days had transpired since the arrest; and she had not been brought to trial. March 1,1988, was the first time defendant received any notice as to the second information, being advised of arraignment thereon at the same time, date, and place as a status hearing that had been set in the possession/resisting arrest case. Thus defense counsel learned sometime between March 1, and March 14, 1988, that the new information had been filed, and filed a second motion to discharge — this time from the information charging the defendant with trafficking and conspiracy.
The arraignment on the new charges was set for March 14, 1988, but the defendant was never formally arraigned on the charges of conspiracy and trafficking. The trial on those charges, however, was scheduled for four days away, on March 18, 1988, the state having now nolle prossed the original information.
On March 14, 1988, the defendant was first apprised of the statement of codefend-ant Peedin made in conjunction with his substantial assistance agreement with the state. On that date, the defense filed a motion to compel discovery and various other motions. The next day, the state served an amended witness list which revealed five additional witnesses which had never theretofore been disclosed to the defense,- along with Peedin’s thirty-three page statement. In the three days intervening between March 15, 1988 and March 18, 1988, defense counsel investigated the additional witnesses provided in the state’s discovery; and in deposing a police officer from North Carolina, uncovered information which was exculpatory to the defendant and which directly impeached Peedin’s testimony. The exculpatory witnesses were not available for deposition before trial on March 18th.
On March 18, 1988, defense counsel was required to request a continuance, and asked that it be charged against the state. The trial judge granted the continuance, but declined to charge it against the state. Thereafter, the defendant filed a motion for discharge of the conspiracy and trafficking offenses, which was denied on April 5, 1988, on the ground the defendant had waived speedy trial by filing a motion for continuance.
The first question presented is whether the defendant was forced to choose between the right to discovery and her right to a speedy trial. We conclude that she was. Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987) held:
Discovery must be furnished within sufficient time to permit the defendant to make use of it without having to forfeit his right to a speedy trial, and when discovery is not promptly furnished, the court may continue a case at the state’s expense beyond the speedy trial limits even if such continuance effectively results in the discharge of the defendant.
Id. at 1079. The state was obligated to inform the defendant and the trial court on February 18th, if not before, of the new information.
The state argued in its response, and at oral argument, that the filing of the new information on February 9, 1988 began a new speedy trial time period. We disagree in this case. Rule 3.191 says that speedy trial time begins to run from the date the defendant is taken into custody; and the record is uncontradicted that petitioner was arrested on September 4, 1987 on all four charges, including the trafficking and conspiracy to traffic in cocaine charges. While the record may not demonstrate in *147 tentional bad faith on the part of the state’s prosecutors, it reflects that the state had no case against the defendant for trafficking and conspiracy until the Peedin statement in January 1988, which it obtained as a result of locating Peedin in the defendant’s room during an illegal arrest of the defendant, and Peedin’s immediate and subsequent cooperation to “save his own hide.” It also reflects a failure to inform the defendant of the new information filed against her until the eve of trial. The state’s argument that it did not receive a request for discovery on the new information until March 14,1988 is without merit since the defense could not file a motion for discovery on an information of whose existence it was unaware. The continuance should have been charged here to the state.
We can envisage cases wherein there has been no illegal state activity, as here, in which speedy trial time will not have run. Our ruling is necessarily limited to the facts of this case.
DOWNEY, LETTS and GLICKSTEIN, JJ., concur.