548 So.2d 304 (1989)
Kevin ARIZA, Petitioner,
v.
Hon. Michael F. CYCMANICK, Circuit Judge, Respondent.
No. 89-1178.
District Court of Appeal of Florida, Fifth District.
September 7, 1989.
Ed Leinster, Orlando, for petitioner.
*305 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
We treat Ariza's petition for writ of mandamus as a petition for writ of prohibition. See Fla.R.App.P. 9.040(c). Ariza seeks a discharge from prosecution pursuant to the Speedy Trial Rule. See Fla.R. Crim.P. 3.191. The record shows that Ariza filed a motion for discharge following the expiration of the applicable 175-day speedy trial period. See Fla.R.Crim.P. 3.191(a)(1). He was not brought to a hearing within five days nor tried within fifteen days following the filing of the motion. See Fla.R.Crim.P. 3.191(i)(4). The state filed a motion to strike the motion for discharge twenty-four days after the motion for discharge was filed.
The duty to afford Ariza a hearing and, if necessary, a trial within the "window period" provided by Rule 3.191(i)(4) fell upon the state. Since this duty was not performed, the trial court lost jurisdiction to prosecute Ariza for the offense for which he was arrested on September 2, 1988. See Lenard v. Moxley, 497 So.2d 973 (Fla. 5th DCA 1986). See also Lasker v. Parker, 513 So.2d 1374 (Fla. 2d DCA 1987). Accordingly, we issue the writ of prohibition and order that Ariza be discharged.
WRIT ISSUED.
DAUKSCH and COWART, JJ., concur.