564 So.2d 287 (1990)
Michael Maurice MASSEY, Petitioner,
v.
Hon. Gayle GRAZIANO, Respondent.
No. 90-1258.
District Court of Appeal of Florida, Fifth District.
July 26, 1990.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
W. SHARP, Judge.
Massey files a petition for writ of prohibition seeking discharge from prosecution for two counts of aggravated battery and one count of battery on a law enforcement officer. He claims his speedy trial rights under Florida Rule of Criminal Procedure 3.191 have been violated. We agree and issue the writ because the state failed to bring Massey to trial within the five and ten day window period afforded the state under rule 3.191(i)(4).[1]
The record establishes that Massey filed a motion for discharge following the expiration of the applicable 175 day speedy trial period provided by rule 3.191(a)(1). The State did not seek a hearing within five days from the date of the filing of the *288 motion, nor did it seek a trial within the ten day period proceeding therefrom. At a subsequent hearing, held 21 days after the motion had been filed, the trial court refused to rule on Massey's motion because the motion cited to the incorrect rule number (rule 3.190 rather than rule 3.191). The court explained this was why the clerk failed to timely bring the motion to the court's attention.
However, Massey correctly titled his motion as one for discharge, and the body of his motion clearly indicated the factual basis for the relief sought. In addition, the state failed to allege any prejudice caused by the "deficiency" in the motion. Nor is any apparent on the face of the record.
Under the current speedy trial rule, the duty rests on the state to afford a defendant a hearing, and, if necessary, a trial within the window period provided by rule 3.191(i)(4). Ariza v. Cycmanick, 548 So.2d 304 (Fla. 5th DCA 1989); Lenard v. Moxley, 497 So.2d 973 (Fla. 5th DCA 1986). The state's failure to perform this duty results in the trial court's loss of jurisdiction to conduct a trial on the charges. Ariza. Accordingly, we issue the writ of prohibition and order that Massey be discharged from further prosecution for the three felony offenses involved in this cause.
WRIT GRANTED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.191(i)(4) is now renumbered rule 3.191(i)(3) effective July 1, 1989. See In re Amendment to Florida Rule of Criminal Procedure 3.191, 542 So.2d 1330 (Fla. 1989).