SCHWARTZ, Chief Judge.
Because the defendant had moved for and secured at least one previous continuance, thus effecting a waiver of his speedy trial rights, his motion for discharge filed under Fla.R.Crim.P. 3.191 was not well taken. Brown v. State, 561 So.2d 607 (Fla. 3d DCA 1990); Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1983); State v. Brown, 412 So.2d 448 (Fla. 5th DCA 1982). Nevertheless the trial court dismissed the prosecution because the state had not brought the motion on for hearing within five days as required by Fla.R.Crim.P. 3.191(i)(3). See Massey v. Graziano, 564 So.2d 287 (Fla. 5th DCA 1990); Ariza v. Cycmanick, 548 So.2d 304 (Fla. 5th DCA 1989); Lenard v. Moxley, 497 So.2d 973 (Fla. 5th DCA 1986). We disagree and reverse.
It seems obvious that the failure to hold a hearing on a motion which, as a matter of *1286 law, was without merit and required denial, did not affect the parties’ substantial rights and was therefore legally irrelevant. In other words, a hearing on the motion within five days is required only as a remedy for the effectuation of the defendant’s rights under Rule 3.191. The failure to enforce nonexistent rights, however, can make no difference.[1]
Reversed.

. On their face, the Fifth District cases cited by the appellee, Massey, 564 So.2d 287; Ariza, 548 So.2d 304; and Lenard, 497 So.2d 973, do not indicate that improperly unscheduled motions for discharge were anything but meritorious. They thus contain no holding contrary to our conclusion. We are told, however, that in Ariza, 548 So.2d 304, there was indeed a previous continuance secured by the defendant. If Ariza therefore involves a sub silentio determination that this fact was irrelevant, we disagree.