PETERSON, Chief Judge,
dissenting.
Pursuant to. the speedy trial rules, the defendant filed on October 6th, a notice of expiration of time for speedy trial. It was not until October 20th that a trial date of October 21st was set. The hearing required *858 to be held no later than five days after the notice of expiration was filed, was never held. See Fla.R.Crim.P. 3.191(p)(3). On the morning of the trial (October 21), the state provided the discovery that had been requested by the defendant on or about the same date the defendant filed the notice of expiration. Had the hearing on the notice of expiration been held, the state could have shown, pursuant to paragraph (j) of the rule, that the trial should be delayed because the defendant herself did not appear to be truly prepared for trial within ten days because she had only recently made her first request for discovery.
It is unfortunate, on the one hand, that the speedy trial rule, as written, appears to allow an alleged criminal to be forever discharged from his or her alleged crime based on factors, such as in the instant ease, consisting of perhaps little more than an oversight or perhaps an inept decision to not conduct the hearing on the notice of expiration. On the other hand, had the rule simply been followed — the hearing held — perhaps the discharge by the trial court could have been avoided. See McKinney v. Yawn, 625 So.2d 885, 890 (Fla. 1st DCA 1993) (“Under rule 3.191, once the defendant files [the notice of expiration], it is the prosecution’s burden to schedule a hearing within five days and come forward with a showing that the defendant is not entitled to discharge”).
I do not share the majority’s view that any dilemma[1] in this case was caused by Miller’s delay in requesting discovery and can not join in the harshness of the implicit criticism upon Miller’s counsel. It appears to me that the dilemma mentioned in the majority opinion should be placed upon the State’s doorstep.

. Certainly, part of the delay in not having Miller arraigned until September 19, and part of the delay in bringing Miller to trial was caused by the fact that the warrant for Miller’s arrest, issued on July 7, was inexplicably not executed until August 26.