PATTERSON, Judge.
The state appeals from an order discharging appellee Roger Driggers on speedy trial grounds. The state contends that Driggers waived speedy trial and that it had fifteen days from the date of the notice of expiration of speedy trial in which to take Driggers to trial. We agree and reverse the trial court’s order discharging Driggers and remand the case for reimposition of the charges.
Driggers was arraigned on April 17, 1995, and the state filed an information on May 8, 1995, charging him with armed burglary, grand theft, possession of burglary tools, and aggravated battery on a law enforcement officer. On August 11, 1995, the court conducted a status conference hearing and Drig-gers’ counsel filed a motion for a continuance. The defense sought the continuance because Driggers had been transferred to state prison and the state had told defense counsel it would have Driggers returned so the defense could investigate the case. The state refused to move to continue the case because of speedy trial problems. Later in the hearing, Driggers’ codefendant moved for a continuance and waived speedy trial. The court then informed Driggers’ counsel that speedy trial would be waived for both defendants.
Driggers filed a notice of expiration of speedy trial on October 9,1995. On October 10, 1995, the trial court conducted a hearing and ruled that Driggers waived speedy trial and set the cause for trial on October 23, 1995. Thus, fourteen days after Driggers filed his notice, the parties were prepared to commence trial. Prior to the start of trial on October 23,1995, Driggers filed a motion for discharge on speedy trial grounds. Defense counsel argued that he never intended to waive his client’s speedy trial rights at the August If hearing. At the discharge hearing, the trial court held that the continuance should have been charged to the state. In discharging Driggers, the trial court ruled that trial must be held within ten days of the hearing on the notice of expiration of time for speedy trial, pursuant to Florida Rule of Criminal Procedure 3.191(p)(3).
As to the waiver of speedy trial, defense counsel argued that he never intended to waive his client’s speedy trial rights. At the conclusion of the August 11 hearing, however, the codefendant’s counsel moved for a continuance and waived speedy trial. The trial court responded, “Speedy trial is waived both defendants — all cases be continued one cycle then.” Driggers’ counsel did not object to the waiver of speedy trial. In contrast, in Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987), upon which Driggers relies, the defense moved for a continuance based on the state’s tactics and specifically stated that the defendant was not waiving speedy trial. Cf. McKinney v. Yawn, 625 So.2d 885 (Fla. 1st DCA 1993) (defendant not entitled to discharge when he took inconsistent positions *603 by seeking continuance and telling court he would be ready for trial in May when speedy trial ran in April). We conclude that the trial court erred in discharging Driggers when defense counsel moved for a continuance and acquiesced to a waiver of speedy trial.
The state also contends that the intent of rule 3.191(p)(3) is to provide the state with fifteen days within which to bring a defendant to trial from the date of the filing of the notice of expiration of speedy trial. Rule 3.191(p)(3) requires a hearing on a notice of expiration of speedy trial within five days of its filing and requires the court to set the trial within ten days. Here, the trial court discharged Driggers because the case was set for trial fourteen days after Driggers filed his notice. We must reverse the trial court’s ruling based on this court’s opinion in State v. McGruder, 664 So.2d 1126 (Fla. 2d DCA 1995).[1] In McGruder, this court held that, absent a showing of prejudice, the defendant should not be discharged so long as the state brings the defendant to trial within fifteen days of the date of filing the notice of expiration of speedy trial. In McGruder, the defendant’s trial date was set thirteen days after hearing on the notice, but within fifteen days of the date of filing the notice. Similarly, Driggers’ case was set for trial on October 23, 1995, fourteen days after he filed his notice on October 9, 1995, and thirteen days after the October 10, 1995, hearing on the notice. Driggers has not shown that any prejudice would have resulted from the October 23 trial date. Thus, we reverse the order discharging Driggers and remand for the charges to be reimposed.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND, J., concur.

. We recognize that State v. Thomas, 659 So.2d 1322 (Fla. 3d DCA 1995), is in conflict with McGruder.