PER CURIAM.
Petitioner, Allister Williams, was charged on January 16, 2002, with grand theft and unauthorized possession of identification card/drivers’ license. Petitioner filed a motion for discharge pursuant to *864 Florida Rule of Criminal Procedure 3.191(b). The trial court denied his motion. He now seeks a writ prohibiting further prosecution. Because the speedy trial period had expired and no delay attributable to the accused was shown, we grant the writ and remand the matter to the trial court for an order discharging petitioner.
Florida’s speedy trial rule is embodied in Florida Rule of Criminal Procedure 3.191. Subsection (b) of this rule authorizes an accused to demand a trial within sixty days from indictment or charging information by filing a demand for speedy trial. The trial court must then hold a calendar call within five days at which time it must set the case for trial to be held within five to forty-five days. If trial has not commenced within fifty days of an accused’s demand, the accused may then seek to avail himself of the remedy set forth in subdivision (p) of the rule.
Subsection (p) permits the accused to file a notice of expiration of speedy trial time. The trial court must then hold a hearing within five days and order the accused brought to trial within ten days unless the court finds that one of the reasons set forth in subsection (j) exists. Under subsection (j) the court does not have to order an accused be brought to trial within ten days if the court has previously ordered an extension that has not yet expired, the delay in holding the trial has been caused by the accused, co-defendant or their counsel, the accused was unavailable for trial, or the demand for speedy trial is invalid. Assuming none of these circumstances exist, the trial court must order the accused brought to trial within ten days. If not brought to trial within this period, the accused is entitled to be discharged upon appropriate motion provided the delay is not attributable to the accused. See Fla. R.Crim. P. 3.191(p).
On January 15, 2003, a year after being charged by information, petitioner filed his demand for speedy trial with the presiding judge pursuant to rule 3.191(b). On March 5, 2003, the presiding judge transferred the case to a successor judge. On March 13, 2003, the successor judge set the case for a May 19, 2003 jury trial. Petitioner filed his notice of expiration of speedy trial on March 18, 2003, pursuant to rule 3.191(b). The parties appeared before the successor judge at his 8:30 a.m. calendar call on May 19, 2003, and petitioner moved the court for his discharge. The State briefly explained that no hearing was ever held within five days because the case was in transit between the two courtrooms. The court did not delve into the merits of petitioner’s claim, but postponed this matter until the following day.
At the next day’s hearing, petitioner’s counsel informed the court that he filed his demand for speedy trial on January 15, 2003, but no calendar call had been held within five days as rule 3.191(b)(1) required. He further explained that after he filed a notice of expiration of speedy trial on March 18, 2003, the original judge scheduled a hearing within five days, but when both parties appeared in his courtroom, the judge determined that the successor judge should hear the matter and suggested defense counsel call the successor judge’s office to schedule petitioner’s five-day hearing. Counsel explained that he left a detailed message but that the successor judge’s office never called him back.
The trial court did not hold the required calendar call within five days after petitioner filed his demand for speedy trial. See Fla. R.Crim. P. 3.191(b)(1). Nor did the State bring petitioner to trial within fifteen days of when he filed his notice of expiration of speedy trial. The court scheduled Petitioner’s trial for May 19, *865 2003. The parties appeared before the successor judge on that date. By this time, 124 days had elapsed from the date petitioner filed his demand for speedy trial. The State, however, was not ready to commence trial on that date and petitioner moved for his discharge.
The State should have monitored the judicial logistics of the accused’s prosecution more attentively so as to ensure that it complied with the requirements of rule 3.191. It was the State’s duty to bring petitioner to trial within the prescribed time period; consequently, petitioner’s motion for discharge should have been granted. See Stuart v. State, 360 So.2d 406 (Fla.1978) (it is the State, and not the defendant, that has the obligation to see that the time periods within the rule are followed); Massey v. Graziano, 564 So.2d 287 (Fla. 5th DCA 1990) (“Under the current speedy trial rule, the duty rests on the State to afford a defendant a hearing, and, if necessary, a trial within the window period provided by rule 3.191. The State’s failure to perform this duty results in the trial court’s loss of jurisdiction to conduct a trial on the charges.”).
The petition for writ of prohibition is granted and this matter is remanded to the trial court with directions to discharge petitioner.
PETITION GRANTED; REMANDED TO TRIAL COURT WITH DIRECTIONS.
FARMER, C.J., KLEIN and SHAHOOD, JJ., concur.