DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARWIN RIVERA ALMODOVAR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-620

[February 5, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 17-012304CF10A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was arrested for possession of cocaine. Three hundred and fifty-nine days after his arrest, appellant filed a notice of expiration of time for speedy trial. Twenty-seven days later, appellant filed a motion for discharge. Between the time of filing of the notice of expiration and the filing of the motion for discharge, the circuit court did not set a hearing in response to the notice. The state did not alert the judge to the existence of the notice. The circuit court denied the motion for discharge the day after it was filed. Appellant entered a no contest plea, reserving the right to challenge the denial of the motion for discharge.

We reverse. After the notice of expiration was filed, the trial court did not hold the requisite hearing within 5 days and appellant was not brought to trial within 10 days, as required by Florida Rule of Criminal Procedure 3.191(p)(3). After this "recapture window" had expired, the circuit court was precluded from making a finding of defendant's unavailability for trial. *See Massey v. Graziano*, 564 So. 2d 287, 288 (Fla. 5th DCA 1990); *Ariza v. Cycmanick*, 548 So. 2d 304, 305 (Fla. 5th DCA 1989). Contrary to the ruling of the trial court, appellant's failure to serve a copy of the notice of

expiration upon the court was not a violation of Rule 3.191 that would support denial of the motion for discharge. *See Hawkins v. State*, 264 So. 3d 1003, 1006 (Fla. 4th DCA 2019).

Reversed and remanded to the circuit court with directions to grant appellant's motion for discharge.

GROSS, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***