# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DARWIN RIVERA ALMODOVAR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-620

[April 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 17-012304CF10A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING

GROSS, J.

We grant the state's motion for rehearing, withdraw our previous opinion, and issue the following.

This is a case involving the application of Florida Rule of Criminal Procedure 3.191, the Speedy Trial Rule. We hold that when a defendant files a motion for discharge, the Rule requires a court to conduct an inquiry under subsection 3.191(j), even if the 15-day recapture period of subsection 3.191(p)(3) has expired.

## *Procedural History*

Appellant was arrested on October 29, 2017, for possession of cocaine and driving with a suspended license.

The public defender's office was appointed to represent appellant on November 8, 2017. Later that month, appellant posted bond and was released from custody. At that time, no future court dates were scheduled.

On February 16, 2018, the state charged appellant by information with one count of possession of fentanyl. Because this charge was different than the crime for which appellant was arrested, a "Change of Charge" capias was issued.

On March 12, 2018, defense counsel filed a written plea of not guilty. The next day, the trial court held an arraignment, which appellant did not attend. At a status hearing held three days later, defense counsel informed the court that he was unable to get in touch with appellant and he did not know if appellant had received the notice of the arraignment. The court set a calendar call for June 14, 2018.

Appellant did not appear at the June 14 calendar call. Defense counsel informed the court that he had not spoken with appellant since "March, 2018, if ever." The court reset the calendar call for June 21, 2018, and indicated that appellant's appearance was mandatory. When the court stated it would mail a notice of hearing to appellant, defense counsel told the court that a previous notice had been returned. The court stated that it would also mail notice to the bail bond company.

On June 20, 2018, the day before the rescheduled calendar call, defense counsel preemptively moved for a protective order against the issuance of a capias, arguing that the court should not issue a no-bond capias for appellant's failure to appear because appellant did not receive notice of the June 14 calendar call, as evidenced by the returned mail, so that any failure to appear was not willful. Defense counsel further argued that it would be improper to issue a capias without a showing that appellant was properly served.

Appellant did not appear at the June 21 calendar call. Defense counsel told the court that he did not have appellant's phone number; he also said that the returned mail supported the notion that appellant had never been effectively notified of the court date.

Expressing concern that defense counsel had filed a written plea for a client he did not have any contact with, the trial judge reset the calendar call for July 26, 2018. The court noted that no new address for appellant had been filed with the court. Because no capias issued, the court denied the motion for protective order as moot.

Appellant did not appear at the July 26 calendar call. Defense counsel explained that he had been unable to contact appellant by phone or through regular mail. The court observed that notice had been mailed to appellant at his last known address, which was the address on both the booking report and his driver's license. The court also pointed out that notice had been mailed to the bail bondsman. The court granted the state's motion to issue a capias.

On October 23, 2018, appellant filed a notice of expiration of time for speedy trial, which was e-filed and served on the state. Not until November 16, 2018, did the Broward County Clerk's Office notify the judge that appellant had filed a notice of expiration of speedy trial on October 23. In response, the judge quickly scheduled the hearing required by Rule 3.191(p)(3).

On November 19, 2018, appellant moved for discharge pursuant to Rule 3.191. The motion contended that the state made no effort to locate him, failed to bring him to trial within 175 days of his arrest or within the 15-day recapture period of the Rule, and that this happened through no fault of his own.

On November 20, 2018, the trial court held a hearing. The court denied appellant's motion for discharge and set the case for trial on November 26. Defense counsel objected on various grounds, including that the recapture period had expired.

On November 22, 2018, appellant filed a renewed motion for discharge. The trial court held a hearing on the motion on November 26, 2018, the same day trial was scheduled to begin. During the hearing, defense counsel renewed its arguments made at the November 20 hearing. The court denied the renewed motion.

Appellant was not present in court on November 26, so the trial did not proceed. Appellant was arrested on the outstanding capias on February 22, 2019, and subsequently entered a no contest plea, reserving the right to appeal the denial of his motion for discharge. The trial court withheld adjudication and placed appellant on probation for a period of six months, with the special condition of 46 days in the Broward County Jail, with probation to terminate upon completion of his jail sentence.

*Discussion*

We first address the issue of whether the trial court was precluded from addressing appellant's unavailability for trial under Rule 3.191(j) because

the court did not hold a hearing in response to appellant's notice of expiration of speedy trial time within "5 days from the date of the filing of" the notice.  Fla. R. Crim. P. 3.191(p)(3).  We conclude that Rule 3.191(p)(1) mandates that a court address Rule 3.191(j) issues before granting a motion for discharge filed under the Rule, even if it is outside of the five-day time limit.

Rule 3.191(j) requires a court to grant a motion for discharge for the failure to abide by the time periods of the rule unless it is shown that

> \*\*\*
>
> (2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel; [or]
>
> (3) the accused was unavailable for trial under subdivision (k);
>
> \*\*\*

Fla. R. Crim. P. 3.191(j).  Rule 3.191(p) sets forth the remedies when a defendant is not tried within the speedy trial period.  Subdivision 3.191(p)(1) states that "[n]o remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j)."  In describing the hearing in response to a notice of expiration of speedy trial time, subdivision 3.191(p)(3) states that a defendant shall be brought to trial within 10 days "unless the court finds that one of the reasons set forth in subdivision (j) exists."

We read the plain language of the Rule as requiring a subsection (j) inquiry before a court can discharge a defendant.  If the trial court determines that none of the subsection (j) exceptions apply *and* the state fails to bring the defendant to trial within the recapture period, the defendant must be discharged.  *See State v. Nelson*, 26 So. 3d 570, 575 (Fla. 2010).  Because subdivision (p)(1) mandates that a subsection (j) inquiry be conducted before a defendant is entitled to discharge, it follows that a trial court would not be precluded from making a subsection (j)(3) unavailability finding, even if later than five days after the filing of a notice of expiration.  This interpretation of the rule prevents a defendant from having the benefit of a non-merits termination of the case where the defendant is a significant part of the reason that a case has not advanced to trial.  *See Hawkins v. State*, 264 So. 3d 1003, 1004–07 (Fla. 4th DCA 2019) (quashing trial court's order denying the defendant's motion for discharge and directing trial court to conduct a Rule 3.191(j) inquiry even though the recapture window had already expired).

*Massey v. Graziano*, 564 So. 2d 287 (Fla. 5th DCA 1990), and *Ariza v. Cycmanick*, 548 So. 2d 304 (Fla. 5th DCA 1989), do not compel a different conclusion. As the state argues on rehearing, these cases did not specifically address whether a trial court could make subsection 3.191(j) findings outside of the recapture window; it is entirely possible that a discharge was granted in those cases because none of the exceptions to discharge in subsection 3.191(j) applied. *See State v. Martinez*, 586 So. 2d 1285, 1286 n.1 (Fla. 3d DCA 1991) (noting that *Massey* and *Ariza* "do not indicate that improperly unscheduled motions for discharge were anything but meritorious"). We also distinguish *Williams v. State*, 862 So. 2d 863, 864 (Fla. 4th DCA 2003), as a case where the judge made a proper factual finding of "no delay attributable to the accused." We did not explicitly rule on the court's ability to address the merits of a motion for discharge outside of the fifteen-day recapture period.

Having determined that it was proper for the court to conduct a subsection 3.191(j) inquiry, we nonetheless remand to the circuit court for the court to consider evidence on appellant's availability for trial. Rule 3.191(k) defines when a defendant is "unavailable for trial" for the purpose of the Speedy Trial Rule. The subsection provides that "[n]o presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused must establish, by competent proof, availability during the term." Therefore, "if the State objects to discharge it must present evidence to show non-availability of the defendant." *State v. Antonietti*, 558 So. 2d 192, 194 (Fla. 4th DCA 1990). "[I]t is the State's initial burden to present evidence tending to show that a defendant was unavailable for trial." *Hutchinson v. State*, 133 So. 3d 552, 554 (Fla. 2d DCA 2014). Here, the trial judge's sua sponte ruling on the defendant's unavailability derailed the evidentiary process contemplated by Rule 3.191.

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***