PARKIER, Judge,
specially concurring.
I agree with the result reached by the majority. Florida Rule of Criminal Procedure 3.191(i)(4) requires that the defendant be discharged forever if, through no fault of the defendant, he is not brought to trial within ten days following the date the trial was permitted to be set after a hearing on the motion for discharge. Here, the ten days ran without a trial, and the defendant must be forever discharged. What disturbs me about this case is the trial judge’s failure to follow the rules of criminal procedure.
Obviously, the state let this case “fall through the cracks.” When that occurs, the rule is explicit:
1. The defendant files a motion for discharge.
2. The court shall hear the motion no later than five days after the motion is filed.
3. The court determines if there have been any circumstances that would constitute a waiver of speedy trial by the defendant, under rule 3.191(d)(3), Florida Rules of Criminal Procedure.
4. If no waivers of speedy trial by the defendant have occurred, the court shall order the defendant be brought to trial within ten days.
5. If the defendant is not brought to trial within ten days, through no fault of the defendant, the defendant is forever discharged of the felony.
Looking to the 1984 Florida Supreme Court commentary, when this addition to the speedy trial rule was implemented, the reasoning was clear:
The intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. ...
... The total 15 day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.
Our own court referred to this rule as “intended to serve as a ‘safety valve’ for the state’s benefit.” Lasker v. Parker, 513 So.2d 1374, 1376 (Fla. 2d DCA 1987). In referring to the defendant's motion for discharge, “[t]he defendant by filing such a motion is on notice that his trial is imminent with the result that the distinction between a motion for discharge and a demand for speedy trial has become blurred.” Id. at 1377.
The supreme court had to know, upon approving the extension to the speedy trial rule, that this five-day hearing/ten-day trial “window” to prevent the discharge of a defendant charged with a felony, will always congest an already congested criminal court calendar. In this case, the defendant and the state followed the rule:
1. Following a defendant’s arrest on a felony, 180 days had passed.
2. The defendant moved for discharge.
3. The state filed an information.
4. The hearing on the motion for discharge was heard within five days.
5. The trial judge found no circumstances indicating that the defendant had waived speedy trial.
These facts and the amended rule now direct that the trial court shall order the defendant be brought to trial within ten days. The rule does not say sometimes, maybe, or perhaps. If the trial court ignores the rule, I submit that the addition of subsection (i)(4) to the rule, adopted in 1984 by the supreme court, is meaningless.
A fair reading of this rule addition would be that the supreme court does not want *112 any defendant charged with a felony to be discharged, absent some very compelling circumstances. Those compelling circumstances would obviously touch upon the defendant’s due process rights to discovery materials, preparation time, and the complexity of the crime. Obviously, ordering a trial within ten days, demands cooperation of all judges to see that this case is squeezed into court calendars and tried. The trial judge here stated, “so although the primary ground I’m declining to set this on is that there I don’t think that’s a reasonable period of time.” For a trial judge to announce that fourteen days to prepare for trial is unfair and that his calendar is congested, ignores the rule.
My opinion seems to leave the state without remedy, on appeal, if the ten day “window” is missed, even where the missed trial opportunity was created by the trial judge. Here, the defendant followed the rule; the state followed the rule, and the trial judge didn’t. The supreme court and the rules committee need to consider whether an addition to the rules of criminal procedure is necessary to protect the state’s right to appeal a trial judge’s order which ignores a mandatory provision in the rule. Any addition to the rule should address the state’s right to receive additional time to bring the defendant to trial if the state prevails upon appeal.