528 So.2d 1296 (1988)
Reginald CLIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-495.
District Court of Appeal of Florida, First District.
August 2, 1988.
Michael E. Allen, Public Defender and Sharon Bradley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant contends that the trial court reversibly erred in denying his motion for discharge, in that the court failed to conduct a hearing within five days from the filing of the motion. We conclude that, although the hearing on the motion was not timely, the trial court set appellant's trial within the fifteen-day time limit as *1297 required by Florida Rule Criminal Procedure 3.191(i)(4);[1] therefore the appellant's right to a speedy trial was not violated.
The appellant was arrested on November 4, 1986 and charged with two counts of sale of cocaine and two counts of possession of cocaine. On May 13, 1987, he filed a motion for discharge pursuant to Rule 3.191(a)(1), providing that a defendant charged with a felony offense shall be brought to trial within 175 days after being taken into custody. A hearing was held on May 22, 1987, at which time the trial court denied the motion for discharge and scheduled the appellant for trial on May 26, 1987  within fifteen days from the filing of the motion for discharge, as required by Rule 3.191(i)(4). The appellant later entered a plea of nolo contendere, specifically reserving his right to appeal the denial of the motion for discharge.
We agree with the state that, although the hearing itself exceeded the five-day time limit required by Rule 3.191(i)(4), the fact that appellant was to be tried within fifteen days from the date of the filing of his motion for discharge renders the untimely hearing harmless. Although not specifically adopted by the Florida Supreme Court in its adoption of the amendments to Rule 3.191, see The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984), the committee note appended to Rule 3.191(i)(4) provides that "[t]he intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion." (e.s.) Similarly, in Lasker v. Parker, 513 So.2d 1374 (Fla. 2d DCA 1987), in holding that it was the state's burden to arrange for a prompt hearing on a motion for discharge, the Second District stated:
An obvious corollary to the state's burden is its ability, if it chooses, to convey to the trial court, in lieu of a formal hearing, its concession that the motion for discharge is well taken and its agreement to have the trial scheduled within the 10 day period provided by the rule. In that situation the defendant would be hardpressed to demonstrate prejudice stemming solely from the court's failure to conduct a hearing.
513 So.2d at 1376 (emphasis in original). We agree with these authorities that, in determining a violation of the speedy trial rule, the intent of the rule is to ensure that a defendant is brought to trial within the fifteen-day time period. Therefore, failure to strictly comply with the time limitations for the hearing is not reversible error. See also, Yetter, Florida's New Speedy Trial Rule: The "Window of Recapture", 13 Fla.St.U.L.Rev. 9 (1985). As the trial judge below scheduled the appellant for trial within the fifteen-day time period, we conclude that the appellant has failed to demonstrate any prejudice resulting from the failure of the trial court to conduct a timely hearing, and
AFFIRM.
BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] Sub-paragraph (i)(4) provides:

No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.