664 So.2d 1126 (1995)
STATE of Florida, Appellant,
v.
James McGRUDER, Appellee.
No. 94-04613.
District Court of Appeal of Florida, Second District.
December 13, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, Tampa, for Appellant.
Robert E. Jagger, Public Defender, and Gale H. Moore, Assistant Public Defender, Clearwater, for Appellee.
CAMPBELL, Acting Chief Judge.
The state challenges an order discharging appellee for the state's failure to bring him to trial within the proper speedy trial time. In these circumstances, however, we conclude that appellee was improperly discharged, and that the case be reversed and remanded to allow the charges to be reimposed.
Appellee filed a notice of expiration of speedy trial time on October 19, 1994, claiming ninety days had elapsed since the date of his arrest. The hearing on that motion was held two days later, on October 21, 1994. On that date, appellee's trial date was set for Nov. 3, 1994, a date that was thirteen days after the hearing on the motion. On November 1, 1994, appellee filed his motion for discharge, alleging that the state had not followed Florida Rule of Criminal Procedure 3.191(p)(3). The court granted the motion and discharged him.
Rule 3.191(p)(3) requires a hearing on a notice of expiration of speedy trial within five days of the filing of the motion and requires that trial be commenced within ten days of the hearing on the motion. The committee note specifically states: "The intent of (i)(3) [now (p)(3)] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge." The trial court ruled here that because the ten-day period was extended to thirteen days, even though appellee was brought to trial within the total fifteen-day period allowed, the state had not complied with the rule, thus mandating appellee's discharge. Our review of the cases interpreting this rule lead us to the opposite conclusion.
*1127 Courts have generally held that the court's failure to conduct a hearing on the motion within the initial five-day period is harmless unless there is some prejudice shown to the defendant. See Lasker v. Parker, 513 So.2d 1374 (Fla. 2d DCA 1987); State v. Koch, 605 So.2d 519 (Fla. 3d DCA 1992); Climpson v. State, 528 So.2d 1296 (Fla. 3d DCA 1988). The reason for this rule is that it has been generally recognized that the "window of recapture" was created for the benefit of the state to allow it additional time to bring a defendant to trial. The committee note confirms this conclusion.
Although the instant case involves the second ten-day period, we can conceive of no reason to distinguish between the two so long as the trial is held within fifteen days and so long as there is no prejudice to the defendant alleged or proven. Here, the only reason that the ten-day period was extended by three days was that the original time for holding a hearing on the motion was shortened by three days. Indeed, it has been held that so long as the trial is commenced within the fifteen-day period and no prejudice is shown, the complete absence of a hearing on the motion within five days does not violate the rule. Climpson. Given that the total time allowed the state is fifteen days, and that that time period was met here, in addition to the fact that no prejudice was shown, we conclude that appellee was improperly discharged. Accordingly, we reverse and remand to allow the charges to be reimposed.
BLUE and WHATLEY, JJ., concur.