697 So.2d 553 (1997)
Salvador SALZERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2678.
District Court of Appeal of Florida, Third District.
July 9, 1997.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin E. Dardis, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT, JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN and SORONDO, JJ.
FLETCHER, Judge.
The defendant, Salvador Salzero, appeals his conviction and sentence for possession of cocaine and drug paraphernalia, on the ground that the trial court improperly denied his motion for discharge, which motion alleged that the State had failed to follow rule 3.191(p)(3), Florida Rules of Criminal Procedure. [1] For the following reasons, we reverse *554 the denial of Salzero's motion and direct the trial court to discharge him from the crimes.
Salzero was charged with the crimes on February 11, 1996 and filed his notice of expiration of the 175-day post-arrest speedy trial period on August 5, 1996. The trial court held the hearing on that notice on August 6, 1996. Under the rule the trial was required to be held within ten days of the August 6 hearing, i.e., no later than August 16, 1996. However, the trial court determined that trial had previously been set for August 19, 1996, and apparently concluded that since that date was within fifteen days of the expiration of the 175-day speedy trial period, Salzero could properly be tried at that time under the rule's "window" provisions.
When the case was called on August 19, 1996 (thirteen days after the notice hearing), Salzero moved for discharge, asserting that rule 3.191(p)(3) requires that the defendant be brought to trial within ten days of the hearing on the notice of expiration, and since the ten-day post-hearing period expired on August 16, he could not be brought to trial thereafter and was entitled to discharge. The trial court disagreed and Salzero entered a plea to the charges, reserving the speedy trial issue for appeal.
We conclude that the trial court misread the rule. The language of rule 3.191(p)(3) requires that a defendant asserting speedy trial rights be brought to trial within ten days of the hearing on his notice of expiration. This ten-day period is neither contracted nor expanded by the timing of the hearing within the five days allowed for it under the same rule; i.e., whether the notice hearing is held on the first day (as here) or the fifth day following the filing of the notice, the trial must be held no more than ten days from the hearing on the notice. Since Salzero's trial was set for a date after the expiration of the ten-day period through no fault of his own,[2] he was entitled to "be forever discharged from the crime." Fla.R.Crim.P. 3.191(p)(3).
This issue was addressed in State v. Thomas, 659 So.2d 1322 (Fla. 3d DCA 1995), which involved a like situation, the trial having been set for fourteen days after the notice hearing, but otherwise within the rule's total fifteen-day window. In his opinion concurring with the majority opinion affirming the discharge, Judge Cope wrote:
"The trial court's interpretation of the rule was correct. The text of the rule controls over the comment.[[3]] The rule provides for a five-day period to have the hearing on the notice of expiration, followed by a ten-day period to take the case to trial. In some cases, like the present one, the total time from the filing of the notice of expiration to the last day of the window period will be less than fifteen days."
Id. at 1323 (Cope, J., concurring).
The dissent herein appears to agree that the rule has been violated, but would conclude that such was harmless error as Salzero made no showing of prejudice. The rule, however, establishes prejudice where a defendant is not brought to trial by the tenth day following the notice hearing and mandates discharge for such violation.
"A defendant not brought to trial within the 10-day period through no fault of the defendant ... shall be forever discharged from the crime."
Fla.R.Crim.P. 3.191(p)(3)(emphasis added).
Thus the dissent would effectively amend the rule by adding the requirement that a defendant be discharged if the defendant alleges and proves prejudice. However, only our supreme court can amend the rule, not this court or the other district courts.[4]State v. *555 Bryant, 276 So.2d 184, 186 (Fla. 1st DCA), dismissed, 280 So.2d 683 (Fla.1973). If the rule needs to be changed, it should be done properly and not on an ad hoc basis.
We return now to the language of rule 3.191(p)(3) that requires for discharge that the delay beyond the ten-day period be "through no fault of the defendant." The transcripts herein reveal that Salzero's counsel kept silent during the crucial notice hearing and thus contributed to the trial judge's violation of the rule. Had Salzero's counsel complained at that time that the rule would be violated by a trial on August 19, 1996, the trial court could have avoided the error. Were it not for the Florida Supreme Court's decision in Stuart v. State, 360 So.2d 406 (Fla.1978), holding that a defense counsel is under no duty to correct a trial court's erroneous impression that the trial date would be timely, we would hold that Salzero, through his counsel, was not without fault that the trial date was beyond the time contemplated by rule 3.191(p)(3), and thus that Salzero was not entitled to be discharged. We do observe that in 1978 the supreme court in Stuart v. State was dealing with an earlier version of rule 3.191 which did not contain the "no fault" language we are discussing here, which language was added in 1984. See The Florida Bar re: Amendment to RulesCriminal Procedure, 462 So.2d 386 (Fla.1984). As a consequence, we certify to the Florida Supreme Court the following question of great public importance:
"DOES THE 1984 AMENDMENT TO RULE 3.191, NOW RULE 3.191(p)(3), WHICH REQUIRES A DEFENDANT'S DISCHARGE SHOULD HE OR SHE NOT BE BROUGHT TO TRIAL WITHIN THE RULE'S TEN-DAY PERIOD THROUGH NO FAULT OF THE DEFENDANT, SUPERSEDE THE HOLDING IN STUART V. STATE, 360 So.2d 406 (Fla.1978) THAT A DEFENSE COUNSEL IS UNDER NO DUTY TO CORRECT A TRIAL COURT'S ERRONEOUS IMPRESSION THAT THE TRIAL DATE AS SET BY THE COURT WOULD BE TIMELY?"
Under the present circumstances, however, we hold that the trial court erred in not granting Salzero's discharge from the crimes as mandated by rule 3.191(p)(3).
Reversed and remanded with directions to discharge Salzero from the crimes; conflict certified; question certified.
JORGENSON, COPE, GERSTEN, GODERICH, GREEN and SHEVIN, JJ., concur.
COPE, Judge (concurring).
I write separately to urge the Florida Supreme Court to revisit, and recede from, Stuart v. State, 360 So.2d 406 (Fla.1978).
The real mischief in this case is that, at the crucial hearing, the defendant did not object to the trial court's erroneous calculation of the window period. This error could have been corrected if promptly called to the trial court's attention. Now, for the first time on appeal, defendant raises the error in this court even though he failed to do so in the trial court. This is a classic "gotcha" litigation tactic. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979).
The purpose of the speedy trial rule is to assure a speedy trial, not a speedy discharge. State v. Thomas, 659 So.2d 1322, 1324 (Fla. 3d DCA 1995) (concurring opinion); see also State v. Joines, 549 So.2d 771, 772 (Fla. 3d DCA 1989); State v. Brown, 527 So.2d 209, 210 (Fla. 3d DCA 1988). Had defendant stated his objection, the trial would have been set for an earlier date, and the defendant would have received the speedy trial he says he desired.
There is no reason, much less a good reason, to relieve the defendant of an obligation to make a contemporaneous objection in this context, just as we require a defendant to make a contemporaneous objection to virtually every other trial error. See generally Davis v. State, 661 So.2d 1193, 1197 (Fla. *556 1995) (contemporaneous objection rule "prohibits trial counsel from deliberately allowing known errors to go uncorrected.").
The window-period rule provides that "[a] defendant not brought to trial within the ten-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime." Fla. R.Crim.P. 3.191(p)(3) (emphasis added). From a commonsense standpoint, it is precisely this defendant's fault that he was not brought to trial within the window period: he failed to object to the trial date at a time when the trial court could have done something about it.
The contemporaneous objection rule is sound policy and should be applied here. It is my hope that the Florida Supreme Court will see fit to recede from Stuart.
SCHWARTZ, C.J., and NESBITT, JORGENSON, LEVY and SORONDO, JJ., concur.
LEVY, Judge (dissenting).
I respectfully dissent. The Defendant, Salvador Salzero, appeals his conviction and sentence for possession of cocaine and drug paraphernalia, on the ground that the trial court improperly denied his motion for discharge. The motion for discharge alleged that his right to a speedy trial had been violated. For the following reasons, I believe that we should affirm the denial of the defendant's motion for discharge.
The Defendant was charged with the above violations on February 11, 1996. The Defendant filed a notice of expiration of the speedy trial period (the "Notice") on August 5, 1996. The next day, the trial court held a hearing regarding the Notice of expiration. At that time, it was determined that the trial was already set for Monday, August 19, 1996. The State was unable to answer the questions of the trial court, and stated, "[w]e will get a file. So [sic] we will have some answers tomorrow morning." The hearing was continued until the next day. The next morning, Wednesday, August 7, 1996, the State informed the court, "I checked it and it appears to be that the notice was well taken. I just need it set for that date [August 19, 1996]." On August 19, 1996, the Defendant filed a motion for discharge. The trial court, in my view, correctly denied the motion. Thereafter, on that same day (August 19, 1996) the defendant entered a plea of guilty and was adjudicated guilty and sentenced after specifically reserving his right to appeal the denial of his motion to discharge.
The Defendant's motion to discharge alleged that the State failed to follow Rule 3.191 of the Florida Rules of Criminal Procedure. Sub-section (p)(3) of that rule provides:
No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
In the interest of clarity, I would re-affirm the language from our earlier decision in State v. Koch, 605 So.2d 519 (Fla. 3d DCA 1992), where this Court stated:
It is settled that the state has the burden of arranging that a hearing be conducted on the defendant's motion for discharge within five days after the filing thereofor, in lieu of that, conveying to the trial court its concession that the motion for discharge is well taken and its agreement to have the trial scheduled with reasonable notice within the ten-day period provided by Rule 3.191(i)(3). Lasker v. Parker, 513 So.2d 1374, 1376 (Fla. 2d DCA 1987); Climpson v. State, 528 So.2d 1296, 1297 (Fla. 1st DCA 1988). The failure of the state to observe these requirements, however, is ordinarily harmless so long as the defendant is in fact brought to trial with reasonable notice within fifteen days after the filing of the motion for discharge, if the defendant cannot otherwise demonstrate prejudice. Climpson; Lasker.

Id. at 520, (emphasis added). In addition, since the language relating to the calculation of the time within which the defendant's trial must commence, found in State v. Thomas, *557 659 So. 2d 1322 (Fla. 3d DCA 1995), is inconsistent with Koch, we should specifically recede from that language found in Thomas.
In the instant case, the Defendant was brought to trial within fifteen days after the filing of the notice of expiration of speedy trial time.[5] The notice of expiration was filed on August 5, 1996, and the trial was scheduled for August 19, 1996, fourteen days after the date on which the notice was filed. In addition, no prejudice to the Defendant has been alleged or proven. Therefore, I conclude that any error in the setting of the trial date in this case was harmless. Koch; State v. McGruder, 664 So.2d 1126 (Fla. 2d DCA 1995). Obviously, it was "error" for the trial court not to have commenced the trial within ten days after the hearing on the Notice, even though the trial did begin within fifteen days after the filing of the Notice. However, the very concept of "harmless error" assumes the commission of some error. The question presented herein, therefore, is whether or not the admitted "error" was harmless.
In Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA 1988), where the hearing was held nine days after the filing of the Notice (instead of the required five), but the trial was commenced within four days thereafter (well within the total "window period" of fifteen days), the First District Court of Appeal held that:
[A]lthough the hearing itself exceeded the five-day time limit required by Rule 3.191(i)(4), the fact that appellant was to be tried within fifteen days from the date of the filing of his motion for discharge renders the untimely hearing harmless. Although not specifically adopted by the Florida Supreme Court in its adoption of the amendments to Rule 3.191, see The Florida Bar Re: Amendment to Rules Criminal Procedure, 462 So.2d 386 (Fla. 1984), the committee note appended to Rule 3.191(i)(4) provides that "[t]he intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion."

Id. at 1297 (alteration and emphasis in original).
The majority disagrees with the foregoing and contends that the error in not bringing the defendant to trial within ten days after the Hearing on the Notice of expiration of speedy trial time cannot ever be deemed harmless. In support of this position, the majority cites State v. Thomas, 659 So.2d 1322, 1323. With all due respect, that reliance is misplaced, since that decision, which was rendered by a three-judge panel of this Court, and not by the Court sitting en banc, inappropriately conflicted with the very specific language in State v. Koch, 605 So.2d 519, 520 (quoted above).
The majority apparently agrees that the State would have had fifteen days to bring the defendant to trial after the filing of the Notice if the trial court had held a hearing on the fifth day, after the filing of the Notice, and then commenced the trial on the tenth day after the hearing. However, the position of the majority herein creates the absurd and unreasonable result of penalizing the State because the trial court in the instant case held the hearing within one day after the filing of the Notice (instead of the permissible five). In effect, the majority orders the discharge of the defendant because the trial court was too diligent, i.e. the trial court acted too quickly in response to the Notice filed by the defendant.
Although the majority opinion suggests that my view, in effect, amends the "Speedy Trial Rule", I respectfully submit that the majority position implies that the title of the "Speedy Trial Rule" should be changed to the "Not Too Speedy Trial Rule."
To further, and graphically, illustrate the absurd and ridiculous consequences that will result from following the position advanced by the majority opinion in this case, I suggest consideration of the following scenario. Defendants "A" and "B" are arrested on the same day for unrelated offenses and are assigned to two different judges in separate *558 courtrooms. Naturally, the time period provided by the Speedy Trial Rule begins to run for both defendants on the same day. Through no fault of their own, neither of the defendants are brought to trial within the 175-day period required by the said Rule. Thereafter, both defendants "A" and "B" file "Notices of Expiration of the Speedy Trial Time Period" on the same day.
As a result of the filing of the said "Notice" by defendant "A", Judge "AA" sets a hearing in connection with defendant "A"'s Notice for the fifth day following the date that the Notice was filed, as allowed by the Speedy Trial Rule. At the hearing (held on the fifth day), Judge "AA" determines that defendant "A"'s Notice is well taken and, in order to strictly comply with the requirements of the Speedy Trial Rule as mandated by the majority's position herein, orders that defendant "A"'s trial commence on the seventh day after the hearing, which, of course, is a total of twelve days after defendant "A" filed his Notice. Naturally, the majority would approve of all of the foregoing and hold that it would be appropriate for defendant "A"'s trial to take place on the date set by the judge.
Meanwhile, in the courtroom next door, defendant "B"'s case was assigned to Judge "BB" who is an extraordinarily energetic, efficient, and diligent trial judge. Accordingly, after receiving defendant "B"'s Notice (which, as noted above, was filed on the same date as defendant "A"'s Notice), Judge "BB" sets a hearing in connection with the Notice for the very next day after the date on which the Notice was filed. So, instead of taking up to five days to hold a hearing on the Notice (as permitted by the Speedy Trial Rule), Judge "BB" sets a hearing for defendant "B" within one day after the filing of the Notice. At the said hearing, Judge "BB" determines that defendant "B"'s Notice is well taken and orders that defendant "B"'s trial commence on a date that is eleven days after the date of the hearing. Therefore, defendant "B"'s trial is scheduled to commence on the twelfth day after the filing of defendant "B"'s Notice.
As a result of the foregoing, although defendants "A" and "B" were arrested on the same date, and filed their Notices of Expiration on the same date, and were set to have their trial commence on the same date, the majority opinion in this case holds that defendant "A" can and should proceed to trial for the crimes that he has been charged with, while defendant "B" would be ordered discharged, thereby depriving the State of an opportunity to have its day in court. With all due respect, such a narrow and myopic reading of the Rule defies common sense and logical legal reasoning.[6]
For the foregoing reasons, I would affirm the denial of the Defendant's motion for discharge.
As far as the "Stuart" issue (discussed at the end of the majority opinion) is concerned, I agree with the majority's position and join in the certification that the issue is one of great public importance.
SCHWARTZ, C.J., and SORONDO, J., concur.
NOTES
[1] Which reads:

"No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subsection (j) [defense delays, continuances, unavailability, invalid demand] exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime."
[2] We shall return to the question of fault on Salzero's part.
[3] The committee note to the 1984 amendment to rule 3.191 advises that the intent was to provide the state attorney with fifteen days within which to bring a defendant to trial from the date of the filing of the motion for discharge. The State urges us to apply that suggested intent. As Judge Cope noted, however, the text of the rule is controlling.
[4] The First and Second District Courts have added a "showing of prejudice" requirement to the rule. State v. Driggers, 680 So.2d 601 (Fla. 2d DCA 1996), rev. denied, 689 So.2d 1069 (Fla. 1997); State v. McGruder, 664 So.2d 1126 (Fla. 2d DCA 1995); Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA 1988). We certify conflict with these decisions.
[5] The Committee Notes to the 1992 Amendment to Rule 3.191 of the Florida Rules of Criminal Procedure state: "The initial `motion for discharge' has been renamed `notice of expiration of speedy trial time.'"
[6] As so eloquently stated by Justice Holmes in Roschen v. Ward, 279 U.S. 337, 339, 49 S.Ct. 336, 336, 73 L.Ed. 722 (1929), "we agree to all the generalities about not supplying criminal laws with what they omit, but there is no Canon against using common sense in construing laws as saying what they obviously mean." Equally apropos are the words of Justice Jackson found in United States ex rel Marcus v. Hess, 317 U.S. 537, 557, 63 S.Ct. 379, 390-91, 87 L.Ed. 443 (1943), wherein he said "If ever we are justified in reading a statute, not narrowly as through a keyhole, but in the broad light of the evils it aimed at and the good it hoped for, it is here."