714 So.2d 445 (1998)
STATE of Florida, Petitioner,
v.
Salvador SALZERO, Respondent.
No. 91139.
Supreme Court of Florida.
June 18, 1998.
Robert A. Butterworth, Attorney General, and Erin E. Dardis, Assistant Attorney General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
PER CURIAM.
We have for review Salzero v. State, 697 So.2d 553 (Fla. 3d DCA 1997) (en banc), *446 which certified conflict with State v. Driggers, 680 So.2d 601 (Fla. 2d DCA 1996); State v. McGruder, 664 So.2d 1126 (Fla. 2d DCA 1995); and Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
On February 11, 1996, Salvador Salzero was charged with possession of cocaine and drug paraphernalia. On August 5, 1996, Salzero filed his notice of expiration of the 175-day speedy trial period pursuant to Florida Rule of Criminal Procedure 3.191(h). The trial court held a hearing on the notice on August 6, 1996. At the hearing, the trial court set a trial date for August 19, 1996. Defense counsel did not object to the August 19, 1996, trial date, which was fourteen calendar days after Salzero filed his notice of expiration of time for speedy trial. When the case was called on August 19, 1996, Salzero moved for discharge, asserting that the ten-day period within which he should have been brought to trial had expired on August 16. The trial court denied his motion. Salzero entered a plea to the charges, reserving the right to appeal the speedy trial issue.
On appeal, Salzero claimed that the trial court erred in denying his motion for discharge, arguing that under the plain language of rule 3.191(p)(3)[1] he was entitled to a discharge, because he was not brought to trial within ten days of the hearing on his notice of expiration. Salzero, 697 So.2d at 554. The district court agreed with Salzero and reversed the trial court. Id. at 555. The district court reasoned:
This ten-day period is neither contracted nor expanded by the timing of the hearing within the five days allowed for it under the same rule; i.e., whether the notice hearing is held on the first day (as here) or the fifth day following the filing of the notice, the trial must be held no more than ten days from the hearing on the notice. Since Salzero's trial was set for a date after the expiration of the ten-day period through no fault of his own, he was entitled to "be forever discharged from the crime." Fla. R.Crim. P. 3.191(p)(3).
Id. at 554 (footnote omitted). In rejecting an argument that the committee notes to rule 3.191(p)(3) indicated that the intent of the rule was to allow the State fifteen days to bring a defendant to trial upon his filing a notice of discharge, 697 So.2d at 554 n. 3, the court quoted from Judge Cope's concurring opinion in State v. Thomas, 659 So.2d 1322 (Fla. 3d DCA 1995) (Cope, J., concurring), which said:
The trial court's interpretation of the rule was correct. The text of the rule controls over the comment. The rule provides for a five-day period to have the hearing on the notice of expiration, followed by a ten-day period to take the case to trial. In some cases, like the present one, the total time from the filing of the notice of expiration to the last day of the window period will be less that fifteen days.
Because the court found that the plain language of the rule mandated that the defendant be discharged if not brought to trial within ten days of the hearing on the notice of expiration, the court declined to follow other courts which held that failure to bring a defendant to trial within ten days of the hearing was harmless error so long as the defendant was brought to trial within fifteen days of his filing the notice of expiration. The court then certified conflict with Driggers, McGruder, and Climpson.
In an ancillary issue, the district court focused on the language of rule 3.191(p)(3) requiring that any delay beyond the ten-day period be "through no fault of the defendant." Salzero's counsel did not object to the trial date of August 19, 1996. The court stated that were it not for this Court's decision in Stuart v. State, 360 So.2d 406 (Fla. 1978), holding that a defense counsel has no duty to correct a trial court's erroneous impression *447 that the trial date would be timely, it would hold that Salzero not be discharged because Salzero contributed to the delay by failing to object. The court then certified the following question:
DOES THE 1984 AMENDMENT TO RULE 3.191, NOW RULE 3.191(p)(3), WHICH REQUIRES A DEFENDANT'S DISCHARGE SHOULD HE OR SHE NOT BE BROUGHT TO TRIAL WITHIN THE RULE'S TEN-DAY PERIOD THROUGH NO FAULT OF THE DEFENDANT, SUPERSEDE THE HOLDING IN STUART V. STATE, 360 So.2d 406 (Fla.1978) THAT A DEFENSE COUNSEL IS UNDER NO DUTY TO CORRECT A TRIAL COURT'S ERRONEOUS IMPRESSION THAT THE TRIAL DATE AS SET BY THE COURT WOULD BE TIMELY?
Salzero, 697 So.2d at 555. In dissent, Judge Levy wrote, 697 So.2d at 556, that he would reaffirm the language from State v. Koch, 605 So.2d 519, 520 (Fla. 3d DCA 1992), in which the court stated:
It is settled that the state has the burden of arranging that a hearing be conducted on the defendant's motion for discharge within five days after the filing thereofor, in lieu of that, conveying to the trial court its concession that the motion for discharge is well taken and its agreement to have the trial scheduled with reasonable notice within the ten-day period provided by Rule 3.191(i)(3). Lasker v. Parker, 513 So.2d 1374, 1376 (Fla. 2d DCA 1987); Climpson v. State, 528 So.2d 1296, 1297 (Fla. 1st DCA 1988). The failure of the state to observe these requirements, however, is ordinarily harmless so long as the defendant is in fact brought to trial with reasonable notice within fifteen days after the filing of the motion for discharge, if the defendant cannot otherwise demonstrate prejudice. Climpson; Lasker.

To the extent that this language conflicts with the Third District's later decision in Thomas, Judge Levy would have had the en banc Third District recede from Thomas. Turning to the facts of this case, Judge Levy concluded that because the defendant was brought to trial within fifteen days of his notice of expiration, the fact that the trial was more than ten days after the hearing on the notice was harmless error.
We first address the issue presented by the certified conflict. We agree with Judge Levy's analysis and the analysis of the First and Second Districts in Driggers, McGruder, and Climpson. We hold that a violation of the five and ten-day periods provided in rule 3.191(p)(3) is harmless if a defendant is actually brought to trial within fifteen days of filing his notice of expiration. We conclude that strict adherence to the five and ten-day requirements would not comport with the clear intent of this section as evident from the committee notes to the 1984 amendment of the rule:
The intent of [(p)(3)] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.
See also John F. Yetter, Florida's New Speedy Trial Rule: The Window of Recapture, 13 Fla. St. U.L.Rev. 9 (1985). Therefore, the trial court did not err in denying the defendant's motion for discharge because the August 19, 1996, trial date was within fifteen days of the date on which Salzero filed his notice of expiration.
Next, we turn to the certified question. In view of our decision with respect to the speedy trial rule, the certified question is moot.
Accordingly, we quash the decision below; approve Driggers, McGruder, and Climpson; decline to answer the certified question; and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS and PARIENTE, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J., and SHAW, J., concur.
*448 ANSTEAD, Justice, specially concurring.
I agree with the majority in its conclusion that the major purpose of the "window" amendment to the Speedy Trial Rule was to provide the State with a final fifteen-day period to try a defendant where the State had previously erred in failing to bring the defendant to trial within the approximate six months allotted under the rule. However, I would also reaffirm the currency of our prior holding in Stuart v. State, 360 So.2d 406 (Fla.1978), that it is the State, and not the defendant, that has the obligation to see that the time periods within the rule are followed:
We deal here with a question that goes to the very nature and purpose of the speedy trial rule and to the basic principles of advocacy in an adversary system of criminal justice. Petitioner had a constitutional right to be brought to trial within a reasonable time. The rule of 180 days provides a practical way to effectuate the constitutional right. Defense counsel had tried to protect petitioner's constitutional right by announcing readiness for trial numerous times following the filing of the information. By the time of the hearing on the 180th day, petitioner's constitutional right had been stretched almost to the limit. By this point defense counsel was properly more concerned with protecting petitioner's entitlement to the remedy that follows from the violation of the rule. The proper time to argue about the operation of the rule and the entitlement to a discharge is at a hearing on a motion therefor, and a motion for discharge can only be effectively made when the movant is entitled to one-after the period has run. Florida Rule of Criminal Procedure 3.191(d)(1). Defense counsel was under no duty to correct the court's impression and to argue to the court that trial had to begin that day simply because he might have succeeded. This would have jeopardized his client's chances of getting the remedy for a violation of the speedy trial rule. As serious as is the duty of an attorney to keep the court apprised of its position and to advise on the ramifications of court action, the duty to promote and defend the rights and lawful interests of a client accused of crime is even weightier. In the situation we consider, no concept of a duty of open dealing before the court can justify requiring the defense to do the state's job.
Id. at 413 (footnote omitted).
KOGAN, C.J., and SHAW, J., concur.
NOTES
[1] Rule 3.191(p)(3) provides:

No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.