SHAHOOD, Judge.
We affirm appellant’s, Roland Poirier, conviction and sentence for aggravated battery and battery. We write to discuss two issues raised by appellant.
In this case, appellant filed a Notice of Expiration of Speedy Trial on October 28, 1996. That same day, a hearing was held at which the prosecutor twice asked the court whether it intended to set a five-day hearing on the motion, and the court twice responded that it was just going to set the matter for trial within fifteen days. The trial took place on November 12, 1996, fifteen days after the filing of the Notice of Expiration of Speedy Trial.
On appeal, appellant argues that the trial court erred in failing to begin his trial within ten days of the hearing on his Notice of Expiration of Speedy Trial even though he was brought to trial within fifteen days.
Rule 3.191(p)(3), Florida Rules of Criminal Procedure (1998) provides as follows:
No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
In State v. Salzero, 714 So.2d 445 (Fla.1998), the court recently interpreted the committee notes to the 1984 amendment of the rule and concluded that strict adherence to the rule’s five and ten-day requirements would not comport with the intent of the drafters. The court therefore held that “a violation of the five- and ten-day periods provided in rule 3.191(p)(3) is harmless if a defendant is actually brought to trial within fifteen days of filing his notice of expiration.” Id.
Based on Salzero, we affirm Poirier’s conviction since he was brought to trial within fifteen days from the date of the filing of the motion for discharge.
Another issue raised by appellant is the trial court’s alleged failure to provide written reasons for the imposition of an upward departure sentence. After reviewing supplemental record provided to us by the clerk of the trial court, we are satisfied that there has been no error in this regard.
AFFIRMED.
WARNER, J, and BRYAN, BEN L., Associate Judge, concur.