GROSS, J.
Based on C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004) (en banc), which was not available to the trial court at the time it ruled, we reverse the dismissal of delinquency petitions for failure to comply with the speedy trial rule.
C.A.J. was arrested for a number of offenses on June 16, 2003. The state filed ten petitions for delinquency on August 28, 2003. The petitions were served on the child on September 3, 2003. C.A.J. was arraigned on October 28, 2003. On the same day, he filed what was, in effect, a motion for discharge under the speedy trial rule.
The trial court held a hearing on the motion on Monday, November 3, 2003, six days after the motion was filed. At the conclusion of the hearing, the trial court entered a written order reserving ruling and allowing both parties to submit proposed orders by November 5.
On November 6, 2003, nine days after the child filed the motion, the trial court dismissed all ten petitions for violating the speedy trial rule. The court focused on the failure to arraign the child within ninety days of his arrest, the failure to appoint counsel until October 28, and the fact that neither the child nor counsel was at fault for the delay in bringing the case to trial.
The dismissal of the petitions is contrary to C.D., which established a “bright-line” rule under Florida Rule of *1068 Juvenile Procedure 8.090. There we wrote:
When a juvenile is taken into custody, the State is given ninety days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
Id. at 610 (following Rule 8.090(m)(l)-(3)). Here, after the child filed his motion for discharge on October 28, the trial court held a hearing on November 3. By dismissing the case three days later, the trial court improperly denied the state the opportunity to bring the case to trial by November 12, within fifteen days of the October 28 motion for discharge.
Acknowledging C.D. and its effect on the speedy trial rule, the child contends that the case is inapplicable because the trial court did not issue a written ruling within five days of the filing of the motion for discharge. Because the trial court’s order was not issued until November 6, the child argues that the petitions must be dismissed.
However, the child cites to no rule that imposes the requirement that the trial court issue its ruling within five days of the filing of the motion for discharge. Rule 8.090(m)(3) requires only that the court “hold a hearing on the motion” for discharge “[n]o later than 5 days from the date of the filing” of the motion. Rule 8.090(m)(3) mentions only one order, the one requiring that the child “be brought to trial within 10 days” if none of the “reasons set forth in subdivision (d)” of the rule are applicable. The rule does not specify when the trial court “shall order” that the child is brought to trial within ten days.
The intent of Rule 8.090(m) is to require trial within fifteen days of the filing of the motion for discharge; so long as the trial court’s order does not violate this time limit, the timing of the order setting trial is legally insignificant.
Here, the trial court held a hearing six days[1] after the child filed a motion for discharge and dismissed the petitions three days later. The state complied with the plain language of Rule 8.090(m)(3), such that it was prepared to bring the case to trial within fifteen days of the October 28 filing of the motion for discharge.
REVERSED AND REMANDED.
STEVENSON and HAZOURI, JJ., concur.

. The fifth day after the motion was filed (October 28, 2003), fell on a Sunday. The court held a hearing the next day.