AMENDED OPINION ON REHEARING

FARMER, J.
We grant defendant’s motion for clarification and amend our original opinion as follows. We deny the other motions.
Defendant complains on appeal that he was denied his speedy trial rights under rule 3.191(h) when the State failed to bring him to an adjudicatory hearing within the 10 day period following a hearing on his motion for discharge. We affirm the disposition.
We think the issue is controlled by State v. Salzero, 714 So.2d 445 (Fla.1998), where the same argument was made about the same provision in rule 3.191(p)(3). Fla. R.Crim. P. 3.191(p)(3). There, as here, the defendant filed a motion for discharge, arguing that the time for trial set by rule had elapsed. 714 So.2d at 445. The trial court held a hearing two days after the motion was filed, and set a trial date within 10 days of the hearing. Id. Owing to a discovery failure by the state, the court moved the trial date forward by 3 days, which is more than 10 days after the hearing but within 15 days from defendant’s motion. Id. The supreme court held that “a violation of the five and ten-day periods provided in rule 3.191(p)(3) is harmless if a defendant is actually brought to trial within fifteen days of filing his notice of expiration.” 714 So.2d at 447. The court noted that the express intent of the rule was to afford the State Attorney 15 days in which to bring the defendant to trial from the date of the filing of the motion for discharge. Id.
In this case, the adjudicatory hearing in this juvenile delinquency case was held within the 15 day period after the juvenile’s motion for discharge. In their pertinent parts, rule 8.090(m)(3) is substantively indistinguishable from rule 3.191(p)(3). The analysis applied to rule 3.191(p)(3) in Salzero applies to rule 8.090(m)(3). See also State v. C.A.J., 886 So.2d 1067, 1068 (Fla. 4th DCA 2004) (“The intent of Rule 8.090(m) is to require trial within fifteen days of the filing of the motion for discharge; so long as the trial court’s order does not violate this time limit, the timing of the order setting trial is legally insignificant.”). Any error in failing to try defendant within 10 days after the hearing on his motion for discharge was harmless. Accordingly the judgment is affirmed.

Affirmed.

KLEIN and GROSS, JJ., concur.