ROTHENBERG, J.
The State of Florida appeals from the trial court’s dispositional order of dismissal pursuant to Florida Rule of Juvenile Procedure 8.090(m). We reverse.
D.O. was arrested on August 3, 2009. The State filed a petition for delinquency, charging D.O. with possession of marijuana with the intent to sell it. On November 3, 2009, D.O. moved to discharge the petition, arguing that the State had allowed the ninety-day speedy trial period to expire without proceeding with an adjudicatory hearing. On November 6, the trial court held a hearing on the motion for discharge, and set an adjudicatory hearing date for November 18, 2009.
On November 18, 2009, the trial court was presented with two motions: (1) the State moved to extend the speedy trial period because the lead detective was injured and not available; and (2) D.O. moved to dismiss the petition for delinquency. In support of his motion for discharge, D.O. argued that under the plain language of rule 8.090(m)(3), because no hearing was held within ten days of the hearing on the motion for discharge, the State’s motion was untimely, requiring a discharge of the petition. Without ruling on the State’s motion to extend the speedy trial period, the trial court granted D.O.’s motion and dismissed the petition for delinquency.
On appeal, D.O. properly concedes that the trial court’s dismissal of the petition was error. D.O. concedes that a violation of the five-day and ten-day periods provided in rule 8.090(m)(3) is harmless if a respondent is brought to an adjudicatory hearing within fifteen days of the filing of his motion for discharge. Furthermore, he concedes that the trial court’s dismissal of the State’s petition was premature where the trial court had not yet ruled on the State’s motion to extend the speedy trial period, and the fifteen-day window had not yet elapsed. See State v. Salzero, 714 So.2d 445, 447 (Fla.1998) (holding that in an adult case, “a violation of the five and ten-day periods provided in [Florida Rule of Criminal Procedure] 3.191(p)(3) is harmless if a defendant is actually brought to trial within fifteen days of filing his notice of expiration”); S.D. v. State, 924 So.2d 963, 964 (Fla. 4th DCA 2006) (finding rule 8.090(m)(3) substantively indistinguishable from rule 3.191(p)(3), and that the rule 3.191(p)(3) analysis in Salzero applies to rule 8.090(m)(3)).
*116 Despite D.O.’s confession of error, he argues that this Court should affirm the trial court’s order dismissing the petition because the State cannot demonstrate exceptional circumstances for the extension of the speedy trial period under rule 8.090(f)(2). We are not persuaded by this argument. A ruling on a motion to extend the speedy trial period involves factual determinations and is thus a determination to be resolved by the trial court, not an appellate court.
Because the trial court prematurely dismissed the State’s petition, we reverse the trial court’s order and remand for further proceedings. On remand, the State has ninety days from the date of the issuance of this Court’s mandate to bring D.O. to an adjudicatory hearing. Fla. R. Juv. P. 8.090Q); State v. Rohm, 645 So.2d 968 (Fla.1994).
Reversed and remanded.