PARIENTE, J.,
concurring.
I concur in the majority opinion because I agree that the plain language of the speedy trial rule dictates that the recapture window be calculated as two separate 5- and 10-day time periods, since the rule itself does not mention the application of a single 15-day period. However, in light of the fact that a strict application of the separate 5- and 10-day time periods set forth in the rule can result in a trial being set more than fifteen days from the date the defendant files a motion for dis *510 charge — as in this case, where the defendant was not brought to trial until seventeen days after he filed his motion for discharge — I write separately to express my view that this Court should amend the speedy trial rule in order to give effect to the original intent of the rules committee to provide for a single 15-day recapture window.
This view — that the speedy trial rule was intended to provide the State with a 15-day recapture window — is supported by this Court’s prior opinion in State v. Salzero, 714 So.2d 445, 447 (Fla.1998), where the Court reasoned that a “strict adherence to the five and ten-day requirements would not comport with the clear intent of [the rule] as evident from the committee notes to the 1984 amendment of the rule.”
Specifically, the committee notes to the adult speedy trial rule provide:
The intent of [the recapture window] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.
Fla. R.Crim. P. 3.191 committee notes (1984). The notes also explain why the committee recommended fifteen days as the appropriate time period for the recapture window:
The total 15-day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.

Id

Relying on these committee notes, this Court determined in Salzero that “a violation of the five and ten-day periods provided in [the speedy trial rule] is harmless if a defendant is actually brought to trial within fifteen days of filing his notice of expiration.” Salzero, 714 So.2d at 447. Thus, although the defendant in Salzero was brought to trial more than ten days after the trial court held its initial hearing, this Court deemed the error harmless because the defendant was brought to trial within fifteen days of the filing of the motion for discharge — a result that accorded with the clear intent of the drafters who created the rule. See id
Although the juvenile rule at issue in this case does not contain a comparable provision in its committee notes, this Court has interpreted the nearly identical language of the juvenile and adult rules consistently. See State v. Nelson, 26 So.3d 570, 575 (Fla.2010) (“[T]he rules of Juvenile Procedure provide a right to a speedy trial with procedures analogous to the adult speedy trial rule ... including] a recapture provision that mirrors its adult counterpart.”). Thus, the committee notes to the adult speedy trial rule are equally persuasive in discerning the original intent behind the juvenile speedy trial rule.
Given that the committee notes focus on a single 15-day time period that is not referenced anywhere in the rule, both courts and commentators have urged this Court to amend the speedy trial rule in order to reflect the original intent of the *511 drafters who created the rule. For example, just three years after the speedy trial rule was amended to include the recapture window, the Second District Court of Appeal urged this Court to revisit the rule. See Ricci v. Parker, 518 So.2d 284, 286, 287 & n. 2 (Fla. 2d DCA 1987), The Second District, noting the conflict between the plain language of the rule and the drafters’ clear intent, as evidenced in the committee notes to the rule, stated that it was aware of “the possibility that the rule as presently worded affords potential for abuse, or at least for laxity,” but concluded that remedying this defect was “a matter for the attention of the rules committee and the supreme court.” Id. at 287.
Similarly, Professor John Yetter, who analyzed the conflict between the plain language of the rule and the intent of the rule as reflected in its commentary, concluded that this Court should resolve this conflict by restricting the recapture window to “15 days following the filing of a meritorious motion for discharge by the defendant.” John F. Yetter, Florida’s New Speedy Trial Rule: “The Window of Recapture”, 18 Fla. St. U.L.Rev. 9, 12, 29 (1985). In my opinion, such an amendment would effectuate the clear intent of the drafters who created the rule and would address the concerns cogently articulated by the Second District.
Accordingly, I conclude that this Court should amend the speedy trial rule and that the amended version of the rule should, in my view, provide for a 15-day time period, initiated by the filing of the defendant’s motion for discharge, during which the State could bring the defendant to trial, but would not allow the defendant to be brought to trial after the expiration of this single 15-day time period. Until the rule is amended, however, the plain language of the current rule, which nowhere mentions a 15-day period, must govern. I therefore concur in the majority, but urge this Court to consider amending the speedy trial rule to effectuate the original intent of the drafters, who carefully chose fifteen days as the appropriate time period of the recapture window.
PERRY, J., concurs.